**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 26 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

| | |
|---|---|
| DAVID KEEN, | |
| Plaintiff, | |
| | Case No.:  *5:16-CV-0335 JLH-JTK* |
| v. | |
| | |
| RAJK FRY LLC d/b/a TASC | |

**COMPLAINT**

This case assigned to District Judge *Holmes*
and to Magistrate Judge *Kearney*

Plaintiff David Keen ("Plaintiff"), by and through his undersigned counsel, brings this lawsuit against Rajk Fry LLC d/b/a TASC ("Defendant") and alleges as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has jurisdiction over Defendant because it regularly conducted business activities in the State of Arkansas in order to profit from it's endeavors in this state, thus purposefully availing itself of the benefits of doing business here.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## PARTIES

5. Plaintiff is an adult individual residing in Sheridan, Arkansas and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant is a Texas LLC operating from Texarkana, Texas.

7. Defendant is not registered to do business in Arkansas but can be served in the state of Texas via its registered agent, United States Corporation Agents, Inc., at 9900 Spectrum Drive, Austin, TX 78717.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").  Specifically, Plaintiff believes the account was a debt on a personal medical account and was not for any business purposes.

10. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

11. After the Account allegedly went into default, the Account was sold to or otherwise transferred to Defendant for collection.

12. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Plaintiff disputes the amount Defendant was attempting to collect on the Account.

14. Plaintiff requests that Defendant cease all further communication on the Account.

15. Defendant's collector(s) were employee(s) of Defendant at all times mentioned herein.

16. Defendant acted at all times mentioned herein through its employee(s).

17. During the one year prior to the date of the filing of this Complaint, Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant made telephone calls to Plaintiff to collect the Account.

18. On or about August 3, 2016, Defendant mailed a letter to Plaintiff regarding the account.

19. The letter conveyed information regarding the Account directly or indirectly to Plaintiff.

20. The letter constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

21. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant mailed the letter to Plaintiff was to attempt to collect the Account.

22. The letter Defendant mailed to Plaintiff stated, among other things:

    A. …[The account] will remain on your record as a bad debt for **SEVEN YEARS** from the date it was sent to Experian unless you pay it before then.

    B. This means you will be denied credit by most lenders. … [L]ocal and area merchants, renters and childcare centers routinely check our files.

    C. Over the next ten (10) days a decision will be made as to which of the various collection alternatives should be initiated to recover our client's funds.  As perhaps you are not aware, legal action is one of these alternatives.  In order to avoid this type of action you should remit the full balance immediately.

    D. Please take notice that unless we receive the full balance within ten (10) days of the date of this letter, or unless we can agree to an alternative payment proposal, **ACTION MAY BE BROUGHT AGAINST YOU WITHOUT FURTHER NOTICE.**

(emphasis in original).

23. Defendant's statement in the letter referenced above that the account will "remain on your record … for seven years from the date it was sent to Experian unless you pay it before then" was false, deceptive and misleading as the account will only be on Plaintiff's "record" for seven years from the date Plaintiff defaulted on the account.

24. The determination of the amount of time the account will remain on Plaintiff's "record" has nothing to do with the date the account was "sent to Experian."

25. The statement that "[t]his means you will be denied credit by most lenders" is false, deceptive and misleading as it is entirely possible that Plaintiff can and could have obtained credit even with this item on his credit report.

26. The statement that "local and area merchants, renters and childcare centers routinely check our files" is false, deceptive and misleading

27. On information and belief "local and area merchants, renters and childcare centers" do not call Defendant to "check [its] files" before providing goods, accommodations or services on credit as Defendant states directly or indirectly.

28. Further, according to information provided to Plaintiff when he called Defendant, the medical services were provided in 2010 or before, thus, the statute of limitation for pursuing Plaintiff in court on the Account expired prior to the time Defendant mailed to Plaintiff the letter referenced above.

29. As a result, at the time Defendant mailed the letter referenced above to Plaintiff, Defendant could not sue Plaintiff on the Account, and thus the language of the letter mailed to Plaintiff was false, deceptive and misleading.

30. The statements made to Plaintiff during Defendant's collection attempts described in the paragraphs above would cause the least sophisticated consumer to believe that a lawsuit had been or immanently would be filed against him.

31. The direct statements or implications communicated to Plaintiff by Defendant were false and misleading.

32. Defendant intended to make false and misleading statements to Plaintiff.

33. Defendant told Plaintiff the above-described false information in order to trick, deceive and manipulate Plaintiff into transmitting money to Defendant.

34. Plaintiff did not know that the information conveyed to her regarding the Account's status was false.

35. After receiving the letter, Plaintiff called Defendant to discuss the account.

36. In the call referenced above, Defendant conveyed information regarding the Account directly or indirectly to Plaintiff.

37. The call constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

38. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant communicated with Plaintiff during the call was to attempt to collect the Account.

39. In the call described above, Defendant failed to inform Plaintiff that the communication was from a debt collector or that the communication was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection.

40. In the call described above, Defendant failed to provide meaningful disclosure of its identity.

41. Defendant profits from the abusive collection tactics employed by Defendant as described above.

42. All of the act(s) and omission(s) by Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully by Defendant.

43. As a consequence of Defendant's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

### RESPONDEAT SUPERIOR

44. The representative(s) and/or collector(s) at Defendant were employee(s) and/or agents of Defendant at all times mentioned herein.

45. The representative(s) and/or collector(s) at Defendant were acting within the course and/or scope of their employment at all times mentioned herein.

46. The representative(s) and/or collector(s) at Defendant were under the direct supervision and/or control of Defendant at all times mentioned herein.

47. The actions of the representative(s) and/or collector(s) at Defendant are imputed to their employer, Defendant.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY RAJK FRY LLC d/b/a TASC

48. The previous paragraphs are incorporated into this Count as if set forth in full.

49. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(6) and §1692e(2)&(4)&(5)&(8)&(10)&(11).

50. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant.

## COUNT II:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
## BY RAJK FRY LLC d/b/a TASC

51. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   Defendant intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

52. Plaintiff suffered actual damages from Defendant as a result of Defendant's intrusion.

### JURY TRIAL DEMAND

53.   Plaintiff is entitled to and hereby demands a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

54.   Judgment in favor of Plaintiff and against Rajk Fry LLC d/b/a TASC as follows:

   a.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
14524 Cantrell Rd.
Suite 140- PMB 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
Attorney for Plaintiff